ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 1 2 2007

JAMES N. HATTEN, Clerk
By: _Hlincky_ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

JUDY GORDON, AXIO DESIGN, LLC,
ROBERT A. LEE, BRENDAN C.
MURPHY, BCM CUSTOM HOMES, INC.,
a Georgia corporation, SARAH
M. LEE, CHESAPEAKE DEVELOPMENT,
INC., a Georgia corporation,
and RAL PROPERTIES AND
DEVELOPMENT, INC.,

    Defendants.

CIVIL ACTION FILE

NO. **1 07 C V 0369**



## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW OWNERS INSURANCE COMPANY (hereinafter "Owners"),

Plaintiff in the above-styled matter, and files this Complaint

for Declaratory Judgment, showing the Court as follows:

### PARTIES

1.

Owners Insurance Company is a corporation organized and

existing under the laws of the state of Ohio, with its principal

place of business in Michigan. For purposes of diversity

jurisdiction, Owners is not a citizen of the state of Georgia.

2.

Judy Gordon ("Gordon"), as a natural person who is a citizen

of the United States, who is physically present in Georgia and

who intends to make Georgia her home, is an individual citizen of

the state of Georgia. Gordon is subject to the jurisdiction and

venue of this Court.

3.

AXIO Design, LLC ("AXIO") is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business and citizenship in Georgia. AXIO is subject to the jurisdiction and venue of this Court.

4.

Robert A. Lee ("R. Lee"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an individual citizen of the state of Georgia.  Lee is subject to the jurisdiction and venue of this Court.

5.

Brendan C. Murphy ("Murphy"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an individual citizen of the state of Georgia.  Murphy is subject to the jurisdiction and venue of this Court.

6.

BCM Custom Homes, Inc. ("BCM") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business and citizenship in Georgia.  BCM is subject to the jurisdiction and venue of this Court.

2

7.

Sarah M. Lee ("S. Lee"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia her home, is an individual citizen of the state of Georgia. Lee is subject to the jurisdiction and venue of this Court.

8.

Chesapeake Development, Inc. ("Chesapeake") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business and citizenship in Georgia. Chesapeake is subject to the jurisdiction and venue of this Court.

9.

RAL Properties and Development, Inc. ("RAL") is a corporation organized and existing under the laws of the state of Georgia with its principal place of business and citizenship in Georgia. RAL is subject to the jurisdiction and venue of this Court.

10.

Each named defendant has been joined in compliance with case law requiring an insurer seeking a declaratory judgment to bring into the action all individuals or entities who have a financial or other interest in the outcome of the coverage issues to be decided through the declaratory judgment.

3

## JURISDICTION AND VENUE

11.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

13.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and Defendants.

14.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Owners may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

4

## THE UNDERLYING CLAIMS

15.

Upon information and belief, Gordon is a teacher of architectural design and a registered architect in the state of Georgia.

16.

Upon information and belief, AXIO is a limited liability company formed by Gordon and R. Lee to engage in architectural design and consulting.

17.

Upon information and belief, Murphy owns or owned BCM, which is or was engaged in the construction of homes.

18.

Upon information and belief, Gordon, AXIO, R. Lee, Murphy and BCM formed a joint venture and partnership to develop, construct and sell new residential homes in the Lynwood Park/Brookhaven area of Atlanta, Georgia.

19.

Upon information and belief, Gordon and AXIO assert that R. Lee, S. Lee, Murphy and BCM formed Chesapeake after the formation of the joint venture outlined above.

5

20.

Upon information and belief, Gordon and AXIO further assert that through the Chesapeake entity, R. Lee, S. Lee, Murphy and BCM misappropriated and converted the joint venture, profits and assets associated therewith to the exclusion of Gordon and AXIO.

21.

Upon information and belief, Gordon and AXIO further assert that R. Lee and RAL have improperly obtained and collected certain sums due and owing to them from other architectural and construction services.

22.

On or about August, 19, 2005, Gordon and AXIO filed a lawsuit against the remaining Defendants herein seeking damages and other relief resulting from the alleged misappropriation and conversion of the joint venture, profits, assets and monies described above, the same being designated as Civil Action File No. 1:05-CV-2162, in the United States District Court, Northern District of Georgia, Atlanta Division ("Underlying Lawsuit").

23.

A true and accurate copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit A.

24.

In the Underlying Lawsuit, Gordon and AXIO seek recovery against one or more of the other Defendants under the following theories: breach of contract; tortious interference with contract and business relations; breach of fiduciary duties; tortious inducement to breach fiduciary duties; misappropriation; trover; conversion; unjust enrichment; piercing the corporate veil/alter ego doctrine; copyright infringement; trademark infringement; violation of Uniform Deceptive Trade Practices Act; violation of Trade Secrets Act; violation of Georgia Computer Systems Act; equitable accounting; and constructive trust.  Gordon and AXIO also seek attorney fees and punitive damages.

25.

In the Underlying Lawsuit, Gordon and AXIO seek damages (including attorneys fees) against each Defendant in excess of $75,000 exclusive of interest and costs.

## THE INSURANCE CONTRACTS

26.

Owners issued a commercial general liability ("CGL) insurance policy to BCM Custom Homes, Inc., policy number 994618-48440171, with effective policy periods of August 4, 1999 through November 5, 2002, subject to certain terms and conditions and applicable Georgia law.  The policy issued to BCM is hereinafter referred to as the "BCM Policy."

7

27.

By amendment effective November 5, 2002, the named insured for the BCM policy was changed to Chesapeake Development, Inc.

28.

With effective policy periods of November 5, 2002 through September 7, 2004, Owners issued a commercial general liability insurance policy to Chesapeake Development, Inc., policy number 994618-48440171, subject to certain terms and conditions and applicable Georgia law.

29.

From September 7, 2004 through September 7, 2006, Owners issued a commercial general liability policy to Chesapeake Development, Inc., policy number 044618-48044326, subject to certain terms and conditions and applicable Georgia law. These policies, effective November 5, 2002 through September 7, 2006 and issued to Chesapeake by Owners, are hereinafter referred to as the "Chesapeake Policy."

30.

Defendants herein, including BCM and Chesapeake, seek a defense and indemnity under the above-referenced insurance contracts, the BCM Policy and the Chesapeake Policy, issued by Owners for the damages sought in the Underlying Lawsuit.

Owners did not receive notice of the summons and complaint filed in the Underlying Lawsuit until June 20, 2006. After receiving late notice from Chesapeake of the summons and complaint filed in the Underlying Lawsuit, Owners issued letters to Chesapeake in which Owners provided notice of its reservation of rights to contest coverage under the referenced insurance policies for the claims asserted in the Underlying Lawsuit.

32.

After receiving late notice from Chesapeake of the summons and complaint filed in the Underlying Lawsuit, Owners also retained counsel to defend Chesapeake against the complaint subject to the complete reservation of rights.

33.

The contracts of insurance issued by Owners afford no coverage for the claims and damages upon which the complaint in the Underlying Lawsuit is based; therefore, Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit.

34.

Under **Coverage A**, the insuring agreements of the BCM Policy and the Chesapeake Policy, provide the following:

> We will pay those sums that the insured
> becomes legally obligated to pay as damages
> because of "bodily injury" or "property
> damage" to which this insurance applies.

Commercial General Liability Coverage Form, CG0C01 11/88.

35.

Under the terms of the BCM Policy and the Chesapeake Policy:

> "Bodily injury" means bodily injury, sickness
> or disease sustained by a person, including
> death resulting from any of these at any
> time.

Commercial General Liability Coverage Form, CG 00 01 11 88.

36.

Under the terms of the BCM Policy and the Chesapeake Policy,

"property damage" means:

> **a.** Physical injury to tangible property,
> including all resulting loss of use of
> that property. All such loss of use
> shall be deemed to occur at the time of
> the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is
> not physically injured. All such loss
> shall be deemed to occur at the time of
> the "occurrence" that caused it.

Commercial General Liability Coverage Form, CG 00 01 11 88.

37.

In relevant part, the BCM Policy and the Chesapeake Policy

apply to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage"
> is caused by an "occurrence" that takes
> place in the "coverage territory"; and
>
> **(2)** The "bodily injury" or "property damage"
> occurs during the policy period.

Commercial General Liability Coverage Form, CG 00 01 11 88.

38.

Under the terms of the BCM Policy and the Chesapeake Policy:

> "Occurrence" means an accident,
> including continuous or repeated
> exposure to substantially the same
> general harmful conditions.

Commercial General Liability Coverage Form, CG 00 01 11 88.

39.

Under the terms of the BCM Policy and the Chesapeake Policy,

the insurance does not apply to:

> **a.** "Bodily injury" or "property damage"
> expected or intended from the standpoint
> of the insured....

Commercial General Liability Coverage Form, CG 00 01 11 88.

40.

Under **Coverage B**, the insuring agreements of the BCM Policy

and the Chesapeake Policy, provide that:

> **a.** We will pay those sums that the insured
> becomes legally obligated to pay as
> damages because of "personal injury" or
> "advertising injury" to which this
> coverage part applies.   ...

Commercial General Liability Coverage Form, CG 00 01 11 88.

41.

Under the terms of the BCM Policy and the Chesapeake Policy:

> "Personal injury" means injury, other than
> "bodily injury", arising out of one or more
> of the following offenses:
>
> **a.** False arrest, detention or imprisonment;
>
> **b.** Malicious prosecution;

11

    **c.**    The wrongful eviction from, wrongful
entry into, or invasion of the right of
private occupancy of a room, dwelling or
premises that a person occupies by or on
behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication of material
that slanders or libels a person or
organization or disparages a person's or
organization's goods, products or
services; or

    **e.**    Oral or written publication of material
that violates a person's right of
privacy.

Commercial General Liability Coverage Form, CG 00 01 11 88.

42.

Under the terms of the BCM Policy and the Chesapeake Policy:

"Advertising injury" means an injury arising
out of one or more of the following offenses:

    **a.**    Oral or written publication of material
that slanders or libels a person or
organization or disparages a person's or
organization's goods, products or
services;

    **b.**    Oral or written publication of material
that violates a person's right of
privacy;

    **c.**    Misappropriation of advertising ideas or
style of doing business; or

    **d.**    Infringement of copyright, title or
slogan.

Commercial General Liability Coverage Form, CG 00 01 11 88.

12

43.

Under **Coverage B**, the insuring agreements of the BCM Policy

and the Chesapeake Policy, further provide that this insurance

applies to:

> **(1)** "Personal injury" caused by an offense
> arising out of your business, excluding
> advertising, publishing, broadcasting or
> telecasting done by or for you;

> **(2)** "Advertising injury" caused by an
> offense committed in the course of
> advertising your goods, products or
> services;

> but only if the offense was committed in the
> "coverage territory" during the policy
> period.

Commercial General Liability Coverage Form, CG 00 01 11 88.

44.

Under **2. Exclusions**, the BCM Policy and the Chesapeake

Policy provide that this insurance does not apply to:

> **a.** "Personal injury" or "advertising
> injury":

> > **(1)** Arising out of oral or written
> > publication of material, if done by
> > or at the direction of the insured
> > with knowledge of its falsity;

> > **(2)** Arising out of oral or written
> > publication of material whose first
> > publication took place before the
> > beginning of the policy period;

> > **(3)** Arising out of the willful
> > violation of a penal statute or
> > ordinance committed by or with the
> > consent of the insured; or

13

     **(4)**   For which the insured has assumed liability in a contract or agreement.  This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

   **b.**   "Advertising injury" arising out of:

     **(1)**   Breach of contract, other than misappropriation of advertising ideas under an implied contract;

     **(2)**   The failure of goods, products or services to conform with advertised quality or performance;

     **(3)**   The wrong description of the price of goods, products or services; or

     **(4)**   An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

Commercial General Liability Coverage Form, CG 00 01 11 88.

45.

Under the Section entitled **WHO IS AN INSURED**, the BCM Policy and Chesapeake Policy provide:

   **1.**   If you are designated in the Declarations as:

. . .

   **c.**   An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

14

2. Each of the following is also an insured:

    a. Your employees, other than your executive officers, but only for acts within the scope of their employment by you....

. . .

4. Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

    b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

    c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

Commercial General Liability Coverage Form, CG0001 11/88.

46.

The BCM Policy and the Chesapeake Policy also provide the following:

    **2. Duties In The Event Of Occurrence, Claim Or Suit.**

15

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   **(1)** How, when and where the "occurrence" or offense took place;

   **(2)** The names and addresses of any injured persons and witnesses; and

   **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   **(2)** Authorize us to obtain records and other information;

16

      **(3)**   Cooperate with us in the
investigation, settlement or
defense of the claim or
"suit"; and

      **(4)**   Assist us, upon our request,
in the enforcement of any
right against any person or
organization which may be
liable to the insured because
of injury or damage to which
this insurance may also apply.

   **(d)**   No insureds will, except at their
own cost, voluntarily make a
payment, assume any obligation, or
incur any expense, other than for
first aid, without our consent.

Commercial General Liability Coverage Form, CG 00 01 11 88.

## COUNT ONE

47.

    Owners hereby realleges and incorporates paragraphs 1
through 46 of this Complaint as if set forth fully herein.

48.

    Under the terms of the BCM Policy and the Chesapeake Policy,
Owners agreed to afford coverage for damages because of "bodily
injury" and "property damage" to which the insurance applies.

49.

    The damages sought in the Underlying Lawsuit do not
constitute defined "bodily injury" or "property damage," and
Owners' insurance contracts do not cover such damages.

17

50.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for any damages which do not constitute defined "bodily injury" or "property damage."

### COUNT TWO

51.

Owners hereby realleges and incorporates paragraphs 1 through 50 of this Complaint as if set forth fully herein.

52.

Under the terms of the BCM Policy and the Chesapeake Policy, Owners agreed to afford coverage for "bodily injury" and "property damage" only if the "bodily injury" or "property damage" occurred during the applicable policy periods.

53.

The Underlying Lawsuit seeks damages which did not occur during the applicable policy periods, and Owners' insurance contracts do not cover such damages.

54.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for any damages which occurred outside of the applicable policy periods.

18

## COUNT THREE

55.

Owners hereby realleges and incorporates paragraphs 1 through 54 of this Complaint as if set forth fully herein.

56.

Owners agreed to afford coverage for "bodily injury" and "property damage" only if the "bodily injury" and "property damage" are caused by an "occurrence."

57.

The Underlying Lawsuit seeks damages which were not caused by an "occurrence," and Owners' insurance contracts do not cover such damages.

58.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for any damages because of "bodily injury" or "property damage" which were not caused by an "occurrence" or which were substantially certain to occur.

## COUNT FOUR

59.

Owners hereby realleges and incorporates paragraphs 1 through 58 of this Complaint as if set forth fully herein.

19

60.

The BCM Policy and the Chesapeake Policy exclude "bodily injury" and "property damage" expected or intended from the standpoint of the insured.

61.

The damages in the Underlying Lawsuit were expected or intended from the standpoint of the insureds.

62.

Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit because the damages sought were expected or intended from the standpoint of the insureds and are therefore excluded from coverage.

63.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for damages that were expected or intended from the standpoint of an insured.

**COUNT FIVE**

64.

Owners hereby realleges and incorporates paragraphs 1 through 63 of this Complaint as if set forth fully herein.

65.

Under the terms of the BCM Policy and the Chesapeake Policy, Owners agreed to afford coverage for damages because of

20

"advertising injury" and "personal injury" to which the insurance applies.

66.

The damages sought in the Underlying Lawsuit do not constitute defined "advertising injury" or "personal injury," and Owners' insurance contracts do not cover such damages.

67.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for any damages which do not constitute defined "advertising injury" or "personal injury."

**COUNT SIX**

68.

Owners hereby realleges and incorporates paragraphs 1 through 67 of this Complaint as if set forth fully herein.

69.

Owners agreed to afford coverage for "advertising injury" and "personal injury" only if the "advertising injury" and "personal injury" occurred during the applicable policy periods.

70.

The Underlying Lawsuit seeks damages which did not occur during the applicable policy periods, and Owners' insurance contracts do not cover such damages.

21

71.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for any damages because of "advertising injury" or "personal injury" which occurred outside of the applicable policy periods.

## COUNT SEVEN

72.

Owners hereby realleges and incorporates paragraphs 1 through 71 of this Complaint as if set forth fully herein.

73.

Owners agreed to afford coverage for damages because of "advertising injury" caused by an offense committed in the course of the insured's advertising of its goods, products or services.

74.

The Underlying Lawsuit seeks damages which were not caused by an offense committed in the course of any insured's advertising of its goods, products or services; and, therefore, the "advertising injury" provision does not cover such damages.

75.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for any damages because of "advertising injury" which was not caused by an offense committed in the course of an insured's

22

advertising of its goods, products or services.

## COUNT EIGHT

76.

Owners hereby realleges and incorporates paragraphs 1 through 75 of this Complaint as if set forth fully herein.

77.

The BCM Policy and the Chesapeake Policy exclude "advertising injury" and "personal injury" arising out of the oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

78.

The BCM Policy and the Chesapeake Policy exclude "advertising injury" and "personal injury" arising out of the oral or written publication of material whose first publication took place before the beginning of the policy period.

79.

The damages sought in the Underlying Lawsuit may have arose from publication of material done by or at the direction of the insured with knowledge of its falsity and whose first publication took place before the beginning of the policy period.

80.

Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit because the damages sought arise out of either the oral or written publication of material, done by or at

23

the direction of the insured with knowledge of its falsity, or whose first publication took place before the beginning of the policy period.

81.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for damages arising out of either the oral or written publication of material, done by or at the direction of the insured with knowledge of its falsity, or whose first publication took place before the beginning of the policy period.

**COUNT NINE**

82.

Owners hereby realleges and incorporates paragraphs 1 through 81 of this Complaint as if set forth fully herein.

83.

The BCM Policy and the Chesapeake Policy exclude "advertising injury" arising out of breach of contract, other than misappropriation of advertising ideas under an implied contract.

84.

The damages sought in the Underlying Lawsuit may have arose from breach of contract, other than misappropriation of advertising ideas under an implied contract.

24

85.

Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit because the damages sought arise from breach of contract, other than misappropriation of advertising ideas under an implied contract.

86.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy for damages arising from breach of contract, other than misappropriation of advertising ideas under an implied contract.

## COUNT TEN

87.

Owners hereby realleges and incorporates paragraphs 1 through 86 of this Complaint as if set forth fully herein.

88.

The BCM Policy and the Chesapeake Policy afford coverage only for individuals or entities who are named as insureds or who are otherwise defined as insureds under the terms of the policies.

89.

Certain Defendants are not named insureds under the referenced policies, nor do they otherwise qualify as an insured under the terms of these policies.

90.

Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit who is not an insured under the BCM Policy or the Chesapeake Policy.

91.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy who is not an insured.

**COUNT ELEVEN**

92.

Owners hereby realleges and incorporates paragraphs 1 through 91 of this Complaint as if set forth fully herein.

93.

By the terms of the BCM Policy and the Chesapeake Policy, no person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

94.

In the Underlying Lawsuit, plaintiffs assert a joint venture between Defendants.

95.

The joint venture identified is not shown as a Named Insured in the Declarations.

26

96.

No coverage is afforded to the joint venture because the joint venture is not shown as a Named Insured in the Declarations.

97.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy, and Owners has no duty to defend the Underlying Lawsuit, because the joint venture alleged is not shown as a Named Insured in the Declarations.

## COUNT TWELVE

98.

Owners hereby realleges and incorporates paragraphs 1 through 97 of this Complaint as if set forth fully herein.

99.

The BCM Policy and the Chesapeake Policy require the insured to perform certain conditions in the event of an occurrence, claim or suit.

100.

By failing to promptly notify Owners of the claim which forms the basis of the Underlying Lawsuit, Defendants breached the conditions set forth in the BCM Policy and the Chesapeake Policy.

27

101.

By failing to immediately forward copies of the demands, notices, summonses, complaint or legal papers received in connection with the Underlying Lawsuit, Defendants breached the conditions set forth in the BCM Policy and the Chesapeake Policy.

102.

Owners has no duty to defend or indemnify any Defendant in the Underlying Lawsuit because Defendants breached the conditions precedent set forth in the BCM Policy and the Chesapeake Policy.

103.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage under the BCM Policy or the Chesapeake Policy due to breach of these conditions.

**COUNT THIRTEEN**

104.

Owners hereby realleges and incorporates paragraphs 1 through 103 of this Complaint as if set forth fully herein.

105.

The complaint filed in the Underlying Lawsuit seeks an award of attorneys fees in addition to compensatory damages.

106.

Neither the BCM Policy nor the Chesapeake Policy afford coverage for attorneys fees, as such damages are not in compensation for a covered injury.

28

107.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage for any attorneys fees sought in the Underlying Lawsuit.

**COUNT FOURTEEN**

108.

Owners hereby realleges and incorporates paragraphs 1 through 107 of this Complaint as if set forth fully herein.

109.

The complaint filed in the Underlying Lawsuit seeks an award of punitive damages in addition to compensatory damages.

110.

Neither the BCM Policy nor the Chesapeake Policy afford coverage for punitive damages, as such damages are not in compensation for a covered injury.

111.

Owners is entitled to a judgment declaring that no Defendant is afforded coverage for any punitive damages sought in the Underlying Lawsuit.

29

WHEREFORE, Owners prays that this Court enter judgment that Owners has no duty to defend or indemnify any Defendant under the BCM Policy or the Chesapeake Policy for the claims asserted in the Underlying Lawsuit; that this Court bind each and every named party herein by said judgment; that Defendants reimburse Owners for the costs incurred defending the Underlying Lawsuit; that Owners be awarded costs in this action; and for such further relief as this Court may deem just and appropriate.

This **12** day of February, 2007.

Respectfully submitted,

TALLEY, FRENCH & KENDALL, P.C.

Michael C. Kendall
Georgia Bar No. 414030
*Counsel for Plaintiff*

160 Clairemont Avenue
Suite 510
Decatur, Georgia 30030
Telephone: 404-373-0113
Facsimile: 404-373-9198
Email: mckendall@bellsouth.net